UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROOSEVELT WEATHERSPOON, JR.                CIVIL ACTION

VERSUS                                      NO. 12-2998

MICHAEL J. ASTRUE, COMMISSIONER             SECTION "J" (3)
SOCIAL SECURITY ADMINISTRATION

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for supplemental security income benefits ("SSI") under Title XVI of the SSA. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff filed an application for SSI on July 6, 2010, alleging a disability onset date of September 9, 2008. (Adm. Rec. at 17). Plaintiff alleged disability due to a herniated disc, high blood pressure, acid reflux and shoulder pain. (*Id.* at 144). Plaintiff, born on July 23, 1961, was 48 years old on the date on which he alleged disability and 49 years old at the time of the final administrative decision. (*Id.* at 78). Plaintiff has an eleventh-grade education and past relevant work experience as a cement finisher, tractor-trailer driver and construction laborer. (*Id.* at 27).

Defendant initially denied plaintiff's application on August 31, 2010. (*Id.* at 52-60). Plaintiff sought an administrative hearing, which defendant held on April 18, 2011. (*Id.* at 32-511). Plaintiff and a vocational expert ("VE"), Deborah Bailey, testified at the hearing.

On April 15, 2011, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 17-28). In the decision, the ALJ concluded that plaintiff has the severe impairments of a herniated disc, high blood pressure, acid reflux and shoulder pain. (*Id.* at 19). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.*). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except as follows: no climbing of ladders/ropes/scaffolds and no overhead reaching with right upper extremity. (*Id.*). The ALJ concluded that plaintiff can not perform his past relevant work but is able to perform work as a food prep worker, hand packer and production inspector. (*Id.* at 26-28). The ALJ thus denied plaintiff's application for SSI. (*Id.* at 28).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 108-09). On September 21, 2012, the Appeals Council denied plaintiff's request. (*Id.* at 1-8). Plaintiff then timely filed this civil action.

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate

the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995).  The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a

>   five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

**IV.   ISSUES ON APPEAL**

There are three issues on appeal:

  (1)  Whether substantial evidence supports the ALJ's RFC assessment.

  (2)  Whether the ALJ erred when he failed to order a consultative examination.

  (3)  Whether the Appeals Council erred when it failed to consider additional evidence that plaintiff submitted to it on appeal.

## V. ANALYSIS

###   1. Whether substantial evidence supports the ALJ's RFC assessment.

  Plaintiff first contends that substantial evidence does not support the ALJ's RFC assessment. As noted above, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except as follows: no climbing of ladders/ropes/scaffolds and no overhead reaching with right upper extremity. (Adm. Rec. at 19). Plaintiff argues that the ALJ rejected all of the medical opinions because no physician addressed plaintiff's physical limitations. Plaintiff argues that the only evidence on which the ALJ relied to determine that he could perform light work was plaintiff's own testimony that he can lift five to ten pounds and walk a block and a half. Plaintiff maintains that the ALJ's conclusion that he can perform light work is unsupported by any evidence since no physician made such a finding. Plaintiff further contends that the ALJ erred when he rejected the opinion of his chiropractor, Michael Haydel, D.C. The Court finds these arguments without merit.

  With regard to Haydel, the Court notes that a chiropractor is not considered a source who can provide evidence to establish an impairment. 20 C.F.R. § 416.913(a). A chiropractor is no more than an "other source." *Id.* § 416.913(d)(1). A chiropractor's opinion is not entitled to the same weight as that of a medical doctor. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) ("And

Dr. Peters is a chiropractor; the relevant regulations accord less weight to chiropractors than to medical doctors."). Thus, Haydel is only an "other medical source" and not an acceptable medical source, such as a licensed physician, psychologist, optometrist, podiatrist, or qualified speech-language pathologists. *See* 20 C.F.R. § 416.913(a)(1)-(5). An "other medical source," even one who has treated the claimant on a regular basis, is not entitled to the same deference as an "acceptable medical source." *See Thibodeaux v. Astrue*, 324 Fed. Appx. 440, 445, 2009 WL 1344809 (5th Cir. 2009). "Only 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight." *Id.* The ALJ found that the opinions from plaintiff's several treating and examining physicians more accurately described his medical condition. (Adm. Rec. at 25-26).

The ALJ discussed Haydel's opinion that plaintiff was not able to work. (*Id.* at 26). An opinion that a claimant is "unable to work" or is "disabled" is an opinion on a legal issue that is reserved for the Commissioner and, as such, is never entitled to "controlling weight." 20 C.F.R. § 416.927(d)(1)-(3). Because physicians generally define "disability" in a manner distinct from the SSA, an ALJ can properly reject any conclusions of disability as determinative on the ultimate issue. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) ("the ALJ has the sole responsibility for determining the claimant's disability status."). The ALJ also noted that Haydel did not assign any functional limitations on plaintiff's capacity to work. (Adm. Rec. at 26). ("He has no assigned functional limitations."). Thus, the ALJ properly gave no weight to Haydel's opinions. (*Id.* at 26).

The ALJ also concluded that plaintiff was non-compliant with his treatment, and this

conclusion is supported by the record. (*Id.* at 25, 26, 257). Failure to follow prescribed treatment precludes disability. *Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990) (citing 20 C.F.R. § 404.1530(a)(-(b)). The ALJ further noted plaintiff's testimony that he can lift five to ten pounds and walk one and one-half blocks. (Adm. Rec. at 26, 47). "It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status." *Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995). The ALJ properly recited this evidence in giving no weight to Haydel's opinions. (Adm. Rec. at 26). Thus, Plaintiff's claim that the ALJ cited no evidence to rebut Haydel's opinions lacks merit.

As noted above, plaintiff also argues that no examining physician assigned light work-related restrictions to Plaintiff. However, the ALJ retains the sole responsibility for determining a claimant's residual functional capacity, based on all of the relevant evidence, including the medical records, treating physician observations and the claimant's description of his limitations. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. § 416.946(c). Plaintiff further contends that no physician opined that he could perform light work. However, the ALJ considered the opinion by the state agency medical consultant, Anthony Scardino, M.D., who reviewed the entire medical record and concluded that plaintiff could perform light work. (Ad. Rec. at 48, 54-57). An ALJ may properly base his RFC assessment on the state examiner's analysis of a claimant's exertional limitations. *Onishea v. Barnhart*, 116 Fed. Appx. 1 (5th Cir. 2004) (per curiam).

After reviewing the medical evidence, Scardino concluded that plaintiff could perform the exertional requirements for light work, with the additional limitation of occasionally climbing ladders, ropes, and scaffolds. (Adm. Rec. at 48, 56-57). The ALJ included these limitations in the

hypothetical question posed to the vocational expert at the hearing. (*Id.* at 48). Although the ALJ incorrectly stated that the state agency medical consultants indicated that Plaintiff could perform the full range of medium work, (*compare id.* at 26 *with* 56-57), the ALJ clearly relied on Scardino's opinion that plaintiff could perform light work and even concluded that plaintiff can ***not*** occasionally climb ladders, ropes, and scaffolds. (*Id.* at 19, 27-28, 48-49). The ALJ's misstatement is, at most, harmless error. The harmless error rule is appropriate when "remand would be an idle and useless formality." *NLRB v. Yeman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). The Fifth Circuit has applied this rule in social security disability cases. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

The ALJ did not erroneously conclude that plaintiff can perform the full range of medium work; indeed, to the contrary, he concluded that plaintiff can only perform light work with additional limitations. Substantial evidence supports the ALJ's RFC assessment, which he incorporated in the hypothetical question posed to the vocational expert. Plaintiff's arguments to the contrary lack merit.

**2.     Whether the ALJ erred when he failed to order a consultative examination.**

Plaintiff contends that the ALJ discounted all of the evidence. Because he discounted all of the evidence, plaintiff maintains, there is no evidence to support his RFC assessment. In this situation, plaintiff argues, the ALJ should have ordered a consultative examination to obtain evidence to support the RFC assessment. The Courts finds no error in the ALJ's failure to order a consultative examination.

The ALJ has discretion in determining whether to order a consultative exam. 20 C.F.R. §

416.917; see *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir.1989) (citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (per curiam)). As plaintiff correctly notes, a consultative examination may be required when the evidence as a whole is insufficient to allow the ALJ to make a disability determination. 20 C.F.R. § 416.1519a(b). The ALJ here determined that there was sufficient evidence to make a disability determination using the sequential evaluation process. Thus, the ALJ was within his discretion in not ordering a consultative examination.

Plaintiff argues that the ALJ discounted all of the medical evidence. That is not true. That he assigned "no great weight" to Dr. John D. Olson's opinion does not mean that he assigned "no weight" to it. (Adm. Rec. at 26). Indeed, he explicitly found that Olson's opinion was supported by clinical and objective findings. (*Id.*). In addition, and as demonstrated above, the ALJ incorporated the conclusions of Scardino in his RFC assessment. (*Id.*).

The ALJ has the duty to resolve conflicts in the evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). It is well established that conflicts in the evidence are for the Commissioner and not this Court to resolve. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The Fifth Circuit explicitly rejects rigid rules of articulation and has held that the ALJ does not have to specifically discuss all of the evidence that supports the decision or all of the evidence that was rejected. *Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994) ("The ALJ is bound by the rules of this Court to explain his reasons for rejecting a claimant's complaints of pain. He did so. That he did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure."). "It is, of

course, for the Secretary to decide what weight to accord various medical reports." *Johnson*, 864 F.2d at 347. Any of the findings of fact by the Commissioner that are supported by substantial evidence are conclusive. *See Ripley*, 67 F.3d at 554. Thus, the ALJ's decision to give less weight to the opinions of a treating physician is entitled to deference. *See Shave v. Apfel*, 238 F.3d 592, 595 (5th Cir. 2001). The ALJ is not required to incorporate any specific limitations into his RFC assessment simply because it appears in a medical opinion. Rather, the ALJ has the sole responsibility for weighing the evidence, may choose whichever physician's diagnosis is most supported by the record, and may incorporate into the RFC assessment the limitations supported by that diagnosis or diagnoses. *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). Substantial evidence supports the ALJ's RFC assessment and its limitations. He was not required to obtain a consultative examination. This argument is meritless.

> **3. Whether the Appeals Council erred when it failed to consider additional evidence that plaintiff submitted to it on appeal.**

In a cursory argument, plaintiff contends that the Appeals Council erred when it failed to consider additional evidence that plaintiff submitted to it on appeal and after the ALJ rendered his decision. Plaintiff cites the Court to pages of the record that constitute the evidence but does not explain it except that one document is a mental RFC from Dr. Radha Raman that allegedly demonstrates marked limitations in many areas of life. Plaintiff also contends that he meets the listing for disorders of the Spine, Listing 1.04.

> Listing 1.04 provides:
>
> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture),

> resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Part 404, Subpt. P, App. 1, Listing 1.04. To meet a listing, a claimant must meet all of the specified criteria. *See Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). Plaintiff fails to demonstrate how he meets all of the criteria in Listing 1.04.

While plaintiff points to evidence in the record that may support his allegation that he has some sort of spinal disorder, substantial evidence supports the Appeals Council's refusal to consider such evidence in its review of the ALJ's decision. As the Commissioner correctly notes, several treating physicians recorded that plaintiff had normal range of motion of the spine in 2009 and 2011. (Adm. Rec. at 219, 304, 367, 387, 485, 520). Plaintiff's treating and examining physicians also noted that he had negative straight-leg testing. (*Id.* at 205, 219, 290, 304, 520). And lastly, several treating and examining physicians recorded that he did not have loss of strength or sensation and that he could ambulate effectively. (Tr. 382, 459, 481, 483-84, 520). Substantial evidence demonstrates that

plaintiff did not meet all the criteria for Listing § 1.04. Accordingly, the Appeals Council properly concluded that there was no reason to review the ALJ's decision.

Plaintiff next contends that the additional evidence submitted to the Appeals Council demonstrates that he meets 20 C.F.R. Part 404, Subpt. P., App. 1, Listing 12.03 for Schizophrenic, Paranoid and Other Psychotic Disorders. This Court's review is limited to the certified administrative record before the ALJ at the time he rendered his decision. 42 U.S.C. § 405(g). Plaintiff does not even state the legal standard for consideration of newly submitted documents. This Court can not issue factual findings on new medical evidence; its review is limited to determining whether to remand for consideration of the newly presented evidence. *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). The Court must thus consider whether the new evidence warrants remand here.

In the Fifth Circuit, to justify remand, "evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a period proceeding." *Leggett v. Chater*, 67 F.3d 558, 566-67 (5th Cir. 1995) (declining to remand case for consideration of new evidence consisting of evaluations by psychiatrists). With respect to materiality, new evidence must relate to the relevant time period rather than a later-acquired disability or a subsequent deterioration of a previously non-disabling condition. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994). Plaintiff fails to demonstrate that the newly-submitted evidence is "material," and neither has he shown "good cause" for failure to incorporate the evidence at the administrative level.

The medical records and mental RFC by Radha Raman, M.D., are all dated after the ALJ's

April 15, 2011 decision. (Adm. Rec. at 518, 528, 533, 534, 560-62, 589-98). Thus, the evidence submitted to the ALJ does not pertain to the contested period of disability that was before him at the time that he rendered his decision. Rather, is it, at most, a subsequent deterioration of a condition that was not previously disabling. For example, the ALJ noted that the treating physicians at the Ochsner Hospital annotated that, although plaintiff had poor insight and judgment, he was oriented with intact memory and appropriate affect and mood. (*Id.* at 23). Moreover, on May 16, 2012, a psychiatric evaluation recorded that plaintiff was alert and oriented in all areas, with euthymic mood, was cooperative with logical thought process, had good concentration, intact memory, and fair insight and judgment. (*Id.* at 569-70). Thus, Raman's opinions conflict with other substantial evidence. The Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez*, 64 F.3d at 176. Plaintiff's failure to establish materiality and good cause does not meet the criteria needed for remand under Fifth Circuit precedent. The Court finds that remand is not warranted here, and substantial evidence supports the Appeals Council's decision to uphold the conclusion of the ALJ, which itself is supported by substantial evidence.

The Appeals Council commits no legal error by acknowledging the evidence but refusing to grant review; the issue is whether this Court finds that there is substantial evidence warranting remand to the ALJ. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005). Raman's opinions conflict with other record evidence, and her observations and opinions all date after the ALJ's decision. Thus, the medical records submitted to the Appeals Council are not substantial evidence pertaining to the disability period that would warrant remand. The Court rejects this

argument.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 6th day of September, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**